**Carlos YEPEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States,\* Respondent.**

**No. 06–2821–ag.**

United States Court of Appeals, Second Circuit.

July 3, 2007.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

Scott Messinger, Forest Hills, NY, for Petitioner.

Lindsay E. Williams, Office of Immigration Litigation, Civil Division, Department of Justice, Washington, DC, for Respondent.

PRESENT: JOSÉ A. CABRANES, REENA RAGGI, Circuit Judges, and RICHARD M. BERMAN ** District Judge.

** The Honorable Richard M. Berman, United States District Judge of the Southern District of New York, sitting by designation

## SUMMARY ORDER

Petitioner Carlos Yepez ("Yepez" or "Petitioner"), a native and citizen of Ecuador, seeks review of a May 16, 2006 decision of the Board of Immigration Appeals ("BIA") reversing a November 2, 2004 decision of Immigration Judge ("IJ") Paul A. DeFonzo granting petitioner's application for suspension of deportation pursuant to INA § 244(a)(2). *In re Carlos Yepez,* No. A 14 853 808 (B.I.A. May 18, 2006), *reversing* No. A 14 853 808 (Immig. Ct. New York, N.Y. November 2, 2004). We assume the parties' familiarity with the facts and the procedural history of the case.

Yepez emigrated to the United States from Ecuador with his family in 1966 as a legal permanent resident. He pleaded guilty and was convicted of illegal possession of a weapon on November 12, 1986, rendering him deportable under former INA § 241(a)(2)(C), 8 U.S.C. § 1251(a)(2)(C) (now INA § 237(a)(2)(C), 8 U.S.C. § 1227(a)(2)(C)). The Immigration and Naturalization Service (INS) issued an Order to Show Cause and Notice of [Deportation] Hearing ("Order to Show Cause") on November 28, 1994. Deportation proceedings began on February 17, 1995, and were continued multiple times. On June 9, 1995, petitioner filed an application for suspension of deportation under INA § 244, 8 U.S.C. § 1254 (repealed in 1996), which required, *inter alia,* that he have maintained "continuous physical presence" in the United State for ten years following his conviction. The hearings were continued multiple times at the request of counsel from both sides until May 29, 1998.

In the meantime, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"),

Pub.L. 104–208, 110 Stat. 3009 (1996), which went into effect April 1, 1997. IIRIRA repealed INA § 244(a)(2) for new applications, but allowed applications in process to continue. However, under IIRIRA § 309(c)(5)(A), the accrual of "continuous physical presence" time required for relief for a number of provisions would end upon the issuance of "notices to appear," including Orders to Show Cause such as the one issued to Yepez on November 28, 1994, *see Tablie v. Gonzales*, 471 F.3d 60, 63 (2d Cir.2006). As a result of the new statute, the IJ ruled that petitioner was ineligible for suspension of deportation under INA § 244 (8 U.S.C. § 1254) (repealed) because he had not been "continuous[ly] physical[ly] presen[t]" for ten years between the date of his conviction (November 12, 1986) and the date of his Order to Show Cause (November 28, 1994).

In a separate and unrelated case, the BIA determined that the firearm offense that rendered an alien removable under INA § 237(a)(2)(C), 8 U.S.C. § 1227(a)(2)(C), is not "one referred to in section 212(a)(2)" and "thus does not stop the further accrual of continuous residence or continuous physical presence for purposes of establishing eligibility for cancellation of removal." *Matter of Campos–Torres*, 22 I & N Dec. 1289 (BIA 2000). In light of this opinion, the BIA remanded the instant case to the IJ. *See In re: Yepez*, No. A14 853 808 (BIA July 26, 2002).

On remand, the IJ, determined that the BIA had adopted the "stop-time" provision of INA § 240A(d)(1) for the purpose of interpreting the "start-time" provision of former INA § 244(a)(2); he reversed his earlier order and granted the application for suspension of deportation. The De-

partment of Homeland Security appealed. The BIA, on review of its prior decision and the IJ's order, determined that it had erred in its previous review, distinguished its holding in *Campos–Torres* from the instant case, and concluded that petitioner remained ineligible for suspension of deportation.

Petitioner argues that the stop-time provision does not apply to suspension-of-deportation cases, and its application is impermissibly retroactive. This is a settled question. We have held the IIRIRA "stop-time" provision to be permissibly retroactive and applicable to applications for suspensions of deportation under former INA § 244. *See Rojas–Reyes v. INS*, 235 F.3d 115, 120–121 (2d Cir.2000); *see also Tablie v. Gonzales*, 471 F.3d 60, 62–64 (2d Cir.2006).

Petitioner also argues that his right to due process was violated when the attorneys from the United States Citizenship and Immigration Service of the Department of Homeland Security misplaced the relevant file for three hearings, as a result of which the evidentiary hearing was delayed until after IIRIRA took effect. Our review of the record reveals that petitioner's counsel was also unprepared for the hearings in question, having sent unlicensed law clerks to speak on his behalf, or simply not appearing on some occasions. In any event, upon a review of the full record, we cannot conclude that the delays in question rise to the level of due process violation.***

We have considered all of petitioner's arguments and find them to be without

***
*** It bears noting that before the passage of IIRIRA, petitioner benefitted by the delay of proceedings, because these delays permitted him to increase the time of his "continuous physical presence" required to meet the statu-

tory standard for suspension of deportation. It is thus ironic that petitioner now invokes these delays to raise due process concerns. *See Doherty v. Thornburgh*, 943 F.2d 204, 211 (2d Cir.1991).

merit. Accordingly, the petition for review is **DENIED.**